FILED
SEP 1 4 2007
SEP. 14, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

JH

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| John Evans<br>7120 Pershing Rd.<br>Berwyn, IL 60402<br><br>Plaintiff,<br><br>v.<br><br>Scott Lowery Law Office, P.C.<br>c/o Texie Lowery MRS, Registered Agent<br>370 17th St Ste 5000<br>Denver, CO 80202<br><br>Defendant. | 07CV5230<br>JUDGE PALLMEYER<br>MAG. JUDGE DENLOW<br><br>COMPLAINT FOR DAMAGES<br>UNDER THE FAIR DEBT<br>COLLECTION PRACTICES ACT<br>AND OTHER EQUITABLE RELIEF<br><br>JURY DEMAND ENDORSED HEREIN |

### JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collections Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper in this district because this is the judicial district where all of the events giving rise to the cause of action took place.

### FACTS COMMON TO ALL COUNTS

2. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

8. All of Defendant's actions occurred within one year of the date of this Complaint.

9. On or around May 21, 2007, Defendant contacted Plaintiff at work.

10. During the communication referenced immediately above, Plaintiff informed Defendant that Plaintiff was not permitted to receive personal telephone calls at work and requested that Defendant refrain from calling Plaintiff at work in the future.

11. Despite this notice, Defendant contact Plaintiff at work several times thereafter, most recently on or around August 16, 2007.

12. On or around May 21, 2007, Plaintiff informed Defendant that Plaintiff had retained an attorney for bankruptcy and provided the law firm's contact information.

13. Despite this notice, Defendant contacted Plaintiff multiple times.

14. During a communication regarding Plaintiff's debt, Defendant threatened to garnish Plaintiff's wages.

15. Defendant has not garnished Plaintiff's wages.

16. Plaintiff is emotionally distraught and has been compelled to hire counsel to prosecute this action.

17. Defendant has damaged Plaintiff emotionally and mentally and has caused substantial anxiety and stress.

18. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collections Practices Act

19. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

20. The Defendant violated 15 U.S.C. §1692c by calling Plaintiff at work after it was informed that Plaintiff did not want to receive and was not permitted to receive personal phone calls at work.

## COUNT TWO

### Violation of the Fair Debt Collections Practices Act

21. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

22. The Defendant violated 15 U.S.C. §1692c in that it contacted Plaintiff notwithstanding the fact that Plaintiff told Defendant that Plaintiff was represented by an attorney.

## COUNT THREE

### Violation of the Fair Debt Collections Practices Act

23. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

24. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT FOUR

### Violation of the Fair Debt Collections Practices Act

25. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

26. The Defendant violated 15 U.S.C. §1692e in that it threatened legal action where such action was not contemplated, and stated for the sole purpose of terrifying the Plaintiff.

## COUNT FIVE

### Violation of the Fair Debt Collections Practices Act

27. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

28. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiff.

## JURY DEMAND

29. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

30. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By: _____
Timothy J. Sostrin
Bar ID # 6290807
Attorney for Plaintiff
20 W. Kinzie Street, Suite 1300
Chicago, IL 60610
Telephone: 866-339-1156
Email: tjs@legalhelpers.com